## BROWN *et al. v.* TAUNTON *et al.*

No. 6963.   October 4, 1929.

*Dan S. Beeland* and *Homer Beeland,* for plaintiffs in error.
*C. W. Foy,* contra.

BECK, P. J.   W. B. and J. F. Taunton, alleging that they are residents of Butler School District in Taylor County, that they own property in the district and are taxpayers and patrons of the school in that district, brought their equitable petition against W. M. Brown and others as trustees for the school district, and against certain named parties who, during the years specified, were treasurers of that district and had charge of the funds that arose from taxation to pay the interest and capital of bonds that had been issued. One of the prayers of the petition is that a judgment be rendered against such of the treasurers sued as the accounting shows has misspent this fund, or any part of it, for the benefit of the bond account; and the suit is not for recovery of any amount for the plaintiffs individually.   The petition contains allegations that the treasurers named, during a series of years, had misappropriated and had not accounted for a part of the funds that had come into their hands as treasurers, and sets forth in detail the amount of the funds which had gone into the hands of the several treasurers respectively. It is alleged that the trustees have used a part of the funds arising from the taxes collected, to pay other debts for the payment of which these funds could not be legally used, and that they will continue to use such funds or a part thereof for purposes other than those for which the taxes were levied and collected and to the payment of debts other than those to which the money could be applied.   This petition was demurred to upon general and special grounds.

1.   The general demurrer was properly overruled.   While the amount of tax paid by each taxpayer may be small as compared with the total amount raised, each taxpayer has such an interest in the fund raised in part by levying a tax upon him that he can invoke the aid of a court of equity to prevent its misappropriation and its illegal application in payment of debts other than those for which it was raised.   *Henry* v. *Means,* 137 *Ga.* 153 (72 S. E. 1021).

2.   While the amounts claimed against the treasurers named vary in amount, nevertheless as it is charged that each of these treasurers received from his predecessor and has accounted for less than should have been paid over and accounted for, they might all be properly joined in the same action, where an action is brought by a party having the right to bring and maintain it, so that in accounting for the funds received from the tax-collector and the predecessor of each treasurer the final liability for the deficit may

be fixed and determined; and one of the questions raised by demurrer is, whether these petitioners, who sue as residents of the school district in question and as taxpayers and patrons of the school, have the right to institute the action as brought. That question must be answered in the affirmative. Even if the trustees of the school district could themselves ordinarily bring the action for the purposes set forth in the petition against the treasurer in office and his predecessors, nevertheless the plaintiffs in this case should not be compelled to await action by the trustees, inasmuch as the suit is brought against the trustees themselves, to assert material rights against them. This case differs in this respect from *Holt* v. *Fayetteville,* 169 *Ga.* 126, in that, as was pointed out in that decision, the municipality itself, or the municipal authorities were vested with authority to bring the suit which the petitioners there sought to institute and maintain. And the treasurer in office, and his predecessors are properly joined in this action, so that all the questions and rights of the parties in reference to the funds raised by taxation in the school district may be determined in one suit. If the law vested the right to bring this suit in some other public official, then the point raised by the demurrer now under consideration might have been good; but no individual or official other than the parties to this suit, that is, the petitioners or the trustees, is vested with authority to institute the action; this court being of the opinion that the duty did not rest upon the board of education of the county to bring the suit, nor is the right vested in that board to institute the same, as will appear from an examination of the Civil Code, § 1551, with its subdivisions, contained in chapter 4, title 11, which chapter contains the laws relating to the public school system, etc.

3. Even if the demurrer to paragraph 1 of the amendment to the suit, which sets forth the names of the trustees of the Butler School District during the years 1922-1923, on the ground that "there is no prayer to make the parties named therein as trustees parties defendant to this suit," should have been sustained, the failure to strike these names was in no way harmful to the defendants.

4. The court properly overruled the demurrer of one of the defendants, L. H. Riley, based upon the ground, that, "it being more than four years since the right of action accrued," the same is

now barred by the statute of limitations. The funds for which the petitioners seek accounting and of which recovery is sought are in the nature of trust funds, which arose from taxation levied for a specific purpose, and to be paid out for purposes specified by the law. Here was at least a constructive trust, and there was no bar to an action against the treasurer for any money remaining in his hands when his term of office expired, except that provided in the Civil Code, § 4366, which relates to suits against executors, administrators, trustees, etc., and which provides that action against these, except on their bonds, must be brought within ten years after the right of action accrues.

*Judgment affirmed. All the Justices concur, except Hines, J., dissenting.*