DODGE COUNTY BOARD OF EDUCATION *et al. v.* DYKES *et al.*

No. 7677. October 16, 1930.

*O. J. Franklin,* for plaintiffs.    *J. H. Milner,* for defendants.

HINES, J.   The Plainfield Consolidated School District of Dodge County issued bonds for the purpose of building and equipping a schoolhouse in said district.   These bonds were sold, and the proceeds were turned over to the trustees of this district or to J. W. Lee Jr., the treasurer of the trustees of the district, and were deposited in the Citizens Banking Company in the name of Lee as treasurer.   Lee was succeeded by Dykes as treasurer, and these funds were turned over to him as treasurer.   Prior to April 2, 1929, the number of the trustees of this district had been fixed at five by the county board of education.   Dykes' term of office as trustee expired on that date.  The county board had previously called an election for April 6, 1929, to fill vacancies on the district boards of trustees.   On April 2, 1929, the county board passed a resolution reciting that the school in this district had been allowed five trustees in the past; declaring that thereafter this school district should be allowed only three trustees, the same as other districts whose schoolhouses were out of an incorporated town; and ordering that no election be held for the two trustees of this district whose terms expired on April 2, 1929, that the general call for the election of district school trustees on April 6, 1929, be canceled so far as it affected this district, and that the school of this district should continue to operate with its three remaining trustees.  In February, 1929, the Citizens Banking Company was taken over for liquidation by the superintendent of banks. The trustees of this district became fearful that depositors in this bank would lose a large part of their deposits, and that in any event the payment of the deposit of the school bond funds would be delayed for a long time.   In this situation the trustees of this district decided that it was best to accept and did accept a proposition of the bank officials to make good the impaired capital of the bank by the payment to it of $67,000, provided the depositors would accept payment of their deposits in three equal annual payments.   Accordingly the trustees directed Dykes, the treasurer of said trustees, to accept these annual certificates, which was done. John W. Lee Jr. succeeded Dykes as treasurer of this district, but failed to give a bond which was satisfactory and acceptable to the county board.

The county board and certain residents and taxpayers of this district and patrons of this school filed their petition against Dykes as treasurer and the Citizens Banking Company, in which they prayed for a mandamus absolute requiring them to pay over to the county board these funds to be used by the proper and legal authority for the purpose of building and equipping a school-house in this district. The defendants demurred separately to the petition, upon the ground that it did not make a case for a mandamus against either of them. Dykes filed his answer. From the allegations of the petition, as modified by the answer of Dykes, the facts hereinbefore recited appear. Petitioners demurred to the answer of the bank, upon the ground that it was evasive and amounted to no answer at all. The trial judge did not specifically rule on this demurrer, and the petitioners except to the refusal of the judge to sustain it. Petitioners demurred to the answer of Dykes, upon the ground that it set forth no reason in law or in equity why a mandamus should not be granted, it being evasive, and setting forth no reason why said fund should not be turned over "to some legally authorized person to be used for the purpose for which the same was raised." The judge did not specifically rule on this demurrer. Petitioners excepted to the failure of the judge to sustain this demurrer. The judge, upon the facts above set forth, refused to grant a mandamus absolute against the defendants; and the petitioners excepted on the ground that this judgment was contrary to law, and that the judge, considering the issues as made by the pleadings, should have granted a mandamus absolute. The bill of exceptions recites that one of the issues made by the pleadings was whether or not the Dodge County Board of Education had the right to reduce the number of trustees of this district; and petitioners assigned error upon the failure of the judge to pass upon this issue.

■ Can the county board of education maintain mandamus proceedings against Dykes as treasurer, and the Citizens Banking Company, to compel them to turn over to it the funds arising from the sale of the school bonds issued and sold for the purpose of erecting and furnishing a district schoolhouse, where these funds had been turned over to the district trustees and by them deposited in said bank in the name of the district treasurer, where the bank afterwards became insolvent and was taken over by the

superintendent of banks for liquidation, where persons interested in the bank then proposed to restore its impaired capital if depositors would take time certificates for their deposits, payable in three annual installments, where depositors including the trustees of the school district agreed to this proposition, and the trustees directed the treasurer of the school district to accept, and he did accept from the bank when it resumed business, after its impaired capital stock had been made good, three time certificates for these funds payable in one, two, and three years after the date of their issuance, with interest, where Lee had been appointed treasurer as successor of Dykes, and tendered a bond conditioned for the faithful performance of his duties as such officer, but rejected by the county board of education because it did not contain the further conditions to deliver all moneys coming into his hands as such officer, and to be responsible for the loss of any funds which might come into his hands and be deposited in any bank to the credit of the school district, and lost by reason of the failure of such bank or in any other manner, where the demand made upon Dykes was that he give to the county board of education his check on the depository bank for $6,762.13, which was the amount of said funds on deposit with said bank, at the time it closed its doors, in Dykes' name as treasurer, and where thereafter it made a demand on said bank for said school funds so deposited in the name of Dykes as treasurer? The proper answer to this question depends upon the answer to another question, to wit: Do the defendants owe any legal duty to the county board of education? The answer to this question involves the proper construction of certain provisions of the Code of School Laws. The proceeds of bonds issued and sold by a consolidated school district for the erection in the district of a schoolhouse "shall be turned over to the board of trustees" of the school district, "or board of education of the county, in trust for the purpose of erecting a school building or buildings, which said board of trustees or board of education may deem suitable." Acts 1919, p. 347; 8 Park's Code Supp. 1922, § 1439(b).

The proceeds of the bonds in question were turned over to the trustees of this district in accordance with the above provision of law. The district trustees first got possession of these funds, and still holds them. The trustees hold them in trust for the purpose above stated. When the trustees acquired possession of these

funds, they became impressed in their hands with the above trust. These trustees are bound to faithfully execute this trust; and they will be liable for any breach thereof. Whether they have in any way violated this trust by depositing these funds in the bank in the name of the treasurer of the school district, and in permitting the treasurer to take time certificates therefor, is not now for decision. Whether these funds can be taken from the district trustees because of failure to execute the trust reposed in them or for any breach of this trust is not now for decision. This is so because these funds can not be taken from the district trustees and turned over to the county board of education in this proceeding, to which they are not parties. It can not be adjudicated in this proceeding that the school district trustees have forfeited the right to the possession and control of these funds by reason of any mismanagement thereof. This can be accomplished, if it can be done at all, only in a proceeding to which these district trustees are parties. The county board of education did not acquire possession of these funds, and is therefore not entitled to execute the above trust. If the county board of education had first got possession of them, then it would be clothed with the trust of expending them in erecting the district schoolhouse. Not having first gotten possession of these funds, the county board did not become clothed with the trust of expending them. In these circumstances it can not maintain a mandamus proceeding against the district treasurer and the bank to get possession of them. The treasurer and the bank are the mere agents of the trustees. The trust vested in the local board of district trustees can not be divested by a mandamus proceeding against these agents of the local board of trustees. What proceeding the board of education of the county can take, in the exercise of its supervisory powers over the school affairs of the county, is not now for decision. All we hold is that these funds can not be taken from the trustees of this district by a mandamus proceeding brought by the county board of education and certain residents and taxpayers of the local school district against the treasurer of the school district and the bank in which the trustees of the district had deposited these funds. Whether the provision in section 121 of the Code of School Laws, that, in the event the treasurer shall fail to make the bond required of him by that section, "all funds raised by local taxation, or otherwise, shall be paid over to the county board of education, to be

disbursed by" that body, and the similar provision in section 137 (Ga. L. 1919, pp. 336, 344; 8 Park's Code Supp. 1922, §§ 1438(e), 1438(u)), are applicable to funds arising from the sale of the district school bonds issued and sold for the erection of a district schoolhouse, are questions which are not now for decision. So we are of the opinion that mandamus will not lie against the school district treasurer to compel him to give to the county board of education his check on this bank for the amount of said fund, or to surrender to the county board of education the certificates of deposit, or to compel the bank to pay these funds to the county board. Petitioners are barking up the wrong tree. Mandamus will lie to compel the faithful performance of official duty, when a defect of legal justice would ensue from a failure or improper fulfillment of such duty. Civil Code (1910), § 5440. The duty to build this schoolhouse rests upon the trustees of this school district. It does not rest upon the treasurer of this school district, or upon the bank. Neither of the defendants owe any official duty to the petitioners in this matter. They are the mere agents of the trustees. They are under no official or legal duty to turn these funds over to the county board. For this reason the judge did not err in refusing a mandamus.

This ruling controls the case and renders it unnecessary to consider other questions raised in this case.

*Judgment affirmed. All the Justices concur.*