22561. BASS, tax-collector, *et al. v.* MIDDLEBROOKS, trustee, *et al.*

Broyles, C. J. 1. The demurrer to the amended petition was properly overruled.

2. Conceding (but not deciding) that the secretary-treasurer of the trustees of a school district is the proper official (where he has given the bond required by statute) to receive from the tax-collector of the county money collected from taxes assessed to pay the bonds issued to build a schoolhouse, yet where the tax-collector, *upon the order of the county school superintendent,* pays the funds to such secretary-treasurer, who has failed to make the proper bond, and thereby loss in the funds occurs, and where the tax-collector acts in good faith and with due diligence, and without knowledge that the secretary-treasurer has not given the required bond, the payment of the funds by the tax-collector to the secretary-treasurer is not a breach of the official bond of the tax-collector. See, in this connection, Park's Code Supp. 1922, §§ 1437(m), 1438(e), 1438(n), 1438(w); State ex rel. Board *v.* Buchanan, 140 Okl. 12 (282 Pac. 125). Under the foregoing ruling and the facts of the instant case the court erred in rendering a judgment in favor of the plaintiff. *Judgment reversed. MacIntyre and Guerry, JJ., concur.*

Decided May 10, 1933.

*R. S. Foy, Martin, Martin & Snow,* for plaintiffs in error.

*Pottle, Farkas & Cobb,* contra.

GUERRY, J., concurring specially. I concur in the judgment rendered, and desire to make some additional remarks. The county board of education is the proper recipient of funds collected by the tax-collector for all taxes levied for the current support and maintenance of the school of the county, and a payment by the tax-collector of such funds, so collected, to the county school superintendent and the county board of education is a sufficient answer to absolve him from any charge of misapplication of funds. Where there is a board of district trustees it is the duty of the tax-collector to turn over to the secretary and treasurer of the board taxes levied for current operation (which amount is limited to five mills), taking his receipt therefor *upon order of county school superintendent.* Ga. L. 1919, p. 342; Park's Code, § 1438 n. Any bond is payable to the county board, and for that reason the tax-collector may lawfully pay over the fund upon order of the county superintendent. All these provisions have reference to taxes levied for current operation of the school. The county board is superior to the district board in the control and management of the district school. The county board elects the teachers (usually upon recommendation of district board). The district board has power to fix salaries only where a supplemental district tax is levied. It seems, however, that statutes fixing the power of district boards have given to them a larger power and discretion with reference to bond issues for the building and equipping of schoolhouses and the levying of the necessary taxes to pay interest and retire bonds than in the conduct and control of funds for the operation of the school. The Supreme Court, in the case of *Dodge County Board of Education* v.

*Dykes,* 171 *Ga.* 317 (155 S. E. 489), said: "The district trustees are the ones on whom is placed the responsibility of expending and also preserving such funds. This trust is created by law and lasts until the bonds have been retired. "These trustees are bound to faithfully execute this trust; and *they* [italics mine] will be liable for any breach thereof." Quoting further: "The treasurer and the bank are the mere agents of the trustees." Until a treasurer of a district board gives bond to the county board the money due such district should be handled by the county board as required by law. It would seem that the responsibility for the proper preservation and handling of funds for the payment of bonds and interest thereon is on district trustees. It appears in this case that the district trustees called the election, handled the proceeds from the bonds, fixed the rate of taxation to pay interest, and provided sinking funds to retire said bonds, designated the Bank of Warwick as depository, and the proceeds from the tax so levied were paid by the tax-collector to the treasurer of said district upon the authority of the district board, which is also a trustee, and they were deposited in such bank on a separate interest account to the credit of the school district, being a separate account from funds received for current expenses. The tax-collector, in turning these taxes over to the district trustees or their representative designated to receive them, did that which was required of him by law. No duty rested on him under such condition to see that the treasurer was under bond.