23525.  MATTHEWS *et al v.* ROWELL *et al.*

674

Decided September 28, 1934.

*T. B. Higdon, Winfield P. Jones,* for plaintiffs.

*James C. Davis, Jones, Evins, Powers & Jones,* for defendants.

Stephens, J.   Certain named persons, as ·residents of Cross Keys School District of DeKalb county, and certain named persons who are members of the board of education of DeKalb county, suing for the use of themselves and other residents and taxpayers of the school district, instituted a suit against the secretary and treasurer of the school district and the surety upon his official bond, to recover certain sums which it is alleged he had appropriated to his own use as salary and commissions claimed to be due him as treasurer, out of taxes which had come into his possession as secretary and treasurer which had been levied for the purpose of the payment of the principal and interest upon an issue of school bonds of the district, and that he had illegally applied the funds to his own use as salary and commissions, in the absence of any resolution or action by the board of trustees authorizing the payment.   It was alleged that this action of the secretary and treasurer amounted to a breach of his official bond, and that demand for payment had been made upon the defendant surety company, and the company denied liability and declined to make payment.   By an amendment it was alleged that some of the parties plaintiff were residents of the school district, others members of the board of trustees of the school district and constituting a majority of the board, and others were members of the board of education of DeKalb county, all suing in the name of the board of education for the use and in behalf of themselves and all other residents and taxpayers of the school district.

General demurrers to the petition filed by both defendants were sustained.   The special demurrers were not passed upon.   To the judgment sustaining the general demurrers the plaintiffs excepted.

A trustee of a county school district, who is selected and appointed by the board of trustees, as its treasurer, is required to make proper bond payable to the county board of education; and in the event of his failure to make this bond, all funds raised by local taxation, or otherwise, are to be paid over to the county board of education, to be disbursed by that body. It is the duty of the treasurer, or the secretary and treasurer, of any board of trustees of a public school receiving money raised by local taxation for public schools to make good and sufficient bond "for the faithful performance of his duties," payable to the county board of education in a sum not less than double the amount of money likely to be received by him during his term of office. Ga. L. 1919, pp. 336, 340.

The bond of the treasurer of the board of trustees of a school district is properly conditioned for the faithful performance of the duties of the treasurer, who is a public officer, and is a statutory or official bond rather than a common-law bond or voluntary undertaking on which the obligees only could bring suit. *Citizens Bank of Colquitt* v. *American Surety Co.,* 174 *Ga.* 852 (164 S. E. 817). Every official bond is obligatory upon the principal and the surety thereon, "for the use and benefit of every person who is injured, as well by any wrongful act committed under color of his office, as by his failure to perform, or by the improper or neglectful performance of those duties imposed by law." Civil Code (1910), § 291 (4). "Suits" on all bonds taken from public officers "may be brought by any person aggrieved by the official misconduct of the officer, in his own name, in any court having jurisdiction thereof, without an order for that purpose." Civil Code (1910), § 12. "All bonds taken by public officers, under the laws of this State, shall be returned to the offices specified by law; and any person interested therein may bring suit thereon, in his own name, in any court having jurisdiction thereof." Civil Code (1910), § 13. A person injured or damaged by the misconduct of a public officer may bring suit on the official bond of the officer; and any person may bring suit on the bond in his own name in any court having jurisdiction thereof. See Civil Code (1910) § 300; also see 15 C. J. 525.

"Where the proper authorities after notice refuse to sue on behalf of the county for a breach of the bond of a county officer, a single taxpayer may sue for the benefit of the county or of all the

taxpayers, but not as an individual." 15 C. J. 526, § 206. Taxpayers and residents of a school district are interested in seeing that the funds collected by taxation for disbursement according to law towards the retirement of bonds issued to build a schoolhouse are so used, to such an extent that they can prevent the misappropriation or illegal spending of such funds. *Brown* v. *Taunton,* 169 *Ga.* 240 (150 S. E. 206). While the amount of tax paid by each taxpayer may be small as compared with the total amount raised by taxation for the purpose of retiring school bonds, yet each taxpayer has such an interest in the fund, which is raised in part by the levy of a tax upon him, that he can go into equity and prevent their misappropriation and illegal application towards the payment of debts other than those for which the fund was raised. *Henry* v. *Means,* 137 *Ga.* 153 (2) (72 S. E. 1021).

By parity of reasoning, it being provided by statute that any one interested in an official bond, or aggrieved in some manner or injured and damaged by the official misconduct of a public officer, can maintain a suit on the official bond, it would seem that a resident or taxpayer, thus interested in seeing that the funds raised by local taxation for the retirement of school bonds issued to build a schoolhouse in his school district, are properly expended, may bring an action at law for a breach of the bond of the treasurer of the local board of trustees of the district against such treasurer and the surety on his official bond, where such treasurer has breached the official bond, the suit not being brought for the individual benefit of the plaintiffs, but for the use and benefit of the board of trustees of the district, and all residents and taxpayers therein. The trustees of a school district are the ones on whom is placed the responsibility of expending and also preserving the funds collected by taxation to retire school district bonds. The treasurer of the board is the mere agent of the trustees for this purpose, and must act in accordance with their orders and instructions in this behalf. *Dodge County Board of Education* v. *Dykes,* 171 *Ga.* 317 (155 S. E. 489).

In a suit upon the bond of the treasurer of the board of trustees of the school district, instituted by certain residents and taxpayers thereof and the board of school trustees, joining as plaintiff, without their consent or permission, upon their refusal to bring the action, the county board of education, obligees in the official bond of

the treasurer, for the use and in behalf of plaintiffs and all other residents and taxpayers of the school district, was properly maintainable. The defendant treasurer is charged with having illegally paid out funds in his official possession, which funds were the proceeds of taxes levied and collected from the people of said school district solely for the purpose of retiring certain school bonds issued by the school district for the purpose of erecting and equipping a schoolhouse therein. The petition is not subject to general demurrer on the ground that the plaintiffs were not entitled to bring the action. If there is a misjoinder, it must be reached by special demurrer. *Willingham* v. *Glover,* 28 *Ga. App.* 394 (111 S. E. 206).

A treasurer of a board of trustees of a school district "shall not pay out any money as held in his hands, except upon the order of the board of trustees, signed by the president or chairman, of which he is treasurer or secretary and treasurer. He shall further in all cases take a receipt for all moneys expended or paid out, which shall be attached to the order for same, which when properly done shall constitute a proper voucher." Ga. L. 1919, p. 344. It necessarily follows that where such a treasurer has deposited in a bank, as such official, the funds received by him from taxes voted and levied for the specific purpose of retiring the bonds issued in his school district for the erection and equipment of a schoolhouse therein, and, without any order, or otherwise, and, without taking a receipt therefor, pays out and appropriates to himself a portion of these moneys, for a commission or salary claimed, this constitutes a breach of the official bond by such officer for which both he and the surety on his bond are liable. It is no justification to the treasurer and his surety, for a breach of his official bond in wrongfully paying to himself as commissions or salary certain of the funds so held by him for the retirement of the school bonds, that "The board of trustees may have the right to pay the secretary and treasurer a commission on the amount of local tax collected not to exceed two and one half per cent." Ga. L. 1919, p. 344. The law is mandatory upon the treasurer of a local board of trustees as to the manner of the disbursement of the public funds in his possession.

A condition in the official bond of a treasurer of the board of trustees of a county school district that he will faithfully discharge

and perform his duties as such is broken when he wrongfully pays out funds coming into his hands from the collection of a special tax voted to retire certain school bonds issued to erect a schoolhouse in that district. See *Citizens Bank* v. *American Surety Co.,* supra.

The measure of damages upon all official bonds in suits brought to recover on account of the misconduct of the officer, unless otherwise specially enacted therein shall be the amount of injury actually sustained, including the reasonable expenses of the suit of the plaintiff, besides the costs of court. Civil Code (1910), § 299. The petition in this case is brought by the named plaintiffs, for the use of and in behalf of all residents and taxpayers of the school district, to recover the amount of money actually misspent by the school-district treasurer, together with the reasonable expense of bringing the action, including attorney's fees therein. Each taxpayer and resident in this school district is damaged a certain amount by the misappropriation by the treasurer of the tax funds levied and collected from them solely for the purpose of retiring the school-bond issue. In the event of a verdict and final judgment in favor of the plaintiffs, the defendants would be required to pay the amount thereof to the treasurer, to be placed with the other tax funds in his possession, or if there be no treasurer properly qualified to receive the same, then to the county board of education. *Jefferson* v. *Hartley,* 81 *Ga.* 716 (9 S. E. 174) ; *McCain* v. *Bonner,* 122 *Ga.* 842 (3) (51 S. E. 36).

The petition alleged that a written demand was made upon the defendant surety company for payment and payment was refused. It set out a cause of action and was not subject to general demurrer. The trial judge erred in sustaining the general demurrer.

*Judgment reversed. Jenkins, P. J., and Sutton, J., concur.*