24918. AYERS *v.* TAYLOR.

JENKINS, P. J. 1. While, under the Code of 1933, § 81-1303, that "no amendment adding a new and distinct cause of action . . shall be allowed unless expressly provided by law," and that "a suit on quantum meruit or open account can not by amendment be converted into a suit on an express contract" (*Jones* v. *Schacter,* 31 *Ga. App.* 709 (3), 710, 121 S. E. 691; *Kraft* v. *Rowland,* 33 *Ga. App.* 806, 808, 128 S. E. 812), yet where a petition declares upon a quantum meruit, and an amendment is allowed, subject to the right of demurrer, adding a paragraph declaring

upon an express contract without striking the quantum meruit allegations, a judgment sustaining general and special demurrers to the amendment and petition as amended, striking the amendment, and dismissing the petition as amended, can not be sustained for the reason that the amendment sought to add a new cause of action, where its allowance was not objected to on the ground of misjoinder in one count of more than one cause of action. See *Willingham* v. *Glover,* 28 *Ga. App.* 394 (111 S. E. 206), and cit.; *Matthews* v. *Rowell,* 49 *Ga. App.* 673, 677 (176 S. E. 802).

2. "Where on their face the pleadings show that a suit is barred by the statute of limitations, the defendant can take advantage of the statute by demurrer. But a demurrer, in order to raise the defense of the statute of limitations, must expressly set out a reliance on the statute. Its aid can not be invoked by general demurrer that no cause of action is set out, or that none is stated which can be enforced against the defendant." *Smith* v. *Central of Ga. Ry. Co.,* 146 *Ga.* 59 (90 S. E. 474); *Felton* v. *State Highway Board,* 47 *Ga. App.* 615 (2), 619 (171 S. E. 198). Where the demurrers to the petition do not allude to the statute of limitations, this court can not consider, upon review of the judgment sustaining the demurrers and dismissing the action, a contention that the petition included a claim for services which in part antedated the four-year period limitation.

3. The petition having sought to recover for services rendered by the plaintiff daughter to the defendant father under an alleged agreement that she was to receive compensation in accordance with the reasonable value of such services, and the petition having been so amended as to meet the grounds of the original demurrer and sufficiently set forth the time, manner, and circumstances of the alleged "request" by the defendant to the plaintiff to render the services, the alleged agreement, and the performance of the services, and no objection having been made to the amendment on the ground that it substituted an agreed contract-price in lieu of the reasonable value of the services as originally sued for, the court erred in dismissing the petition as amended. Since both the petition and the amendment were based on the alleged agreement that the services were to be paid for, the rule of law that no presumption to pay for valuable services arises from their performance and acceptance, where the services are care and attention by a child to a parent, is inapplicable. See *Hudson* v. *Hudson,* 90 *Ga.* 581, 583 (16 S. E. 349); *Jackson* v. *Buice,* 132 *Ga.* 51, 53 (63 S. E. 823); *Kitchens* v. *Pool,* 146 *Ga.* 229 (3) (91 S. E. 81); *Grubbs* v. *Hamby,* 34 *Ga. App.* 774 (131 S. E. 189). *Judgment reversed. Stephens and Sutton, JJ., concur.*

DECIDED FEBRUARY 1, 1936.

*Sidney Hodge Baynes,* for plaintiff.
*Branch & Howard, Thomas B. Branch Jr.,* for defendant.