JONES *et al. v.* SINGLETARY *et al.*

No. 11153. MAY 15, 1936. REHEARING DENIED JULY 3, 1936.

*A. H. Gray,* for plaintiffs in error. *Lowrey Stone,* contra.

HUTCHESON, Justice. Raymond C. Singletary and W. J. Grist, alleging themselves to be citizens and taxpayers of Early County, owning property in the territory of said county outside of any independent school system, brought suit for an accounting and other relief against Mrs. McArthur Jones as superintendent of schools of Early County, the board of education of that county, the individual members of that board, and the National Surety Corporation, surety on the bond of the superintendent of schools. By amendment the plaintiffs struck from the petition all reference to the surety company, to meet certain demurrers filed. The petition as amended alleged substantially the following: Mrs. Jones, the superintendent of schools of Early County, had on deposit in the Citizens Bank of Blakely, Georgia, money raised by taxation for school purposes in the county, in the sum of $21,562.39. The

bank, in November, 1931, went into the hands of the superintendent of banks of the State of Georgia, and is still in the hands of the superintendent for the purpose of liquidation. For the protection of herself and the surety on her bond, the superintendent of schools required of the bank a large number of notes and other collateral owned by the bank, as security for the payment to her of the sum she had on deposit as superintendent. No detailed description of the collateral is set out in the petition. After the bank had closed its doors, the superintendent of schools made no claim against the bank, but relied on the collateral which had been deposited by the bank with her. About $10,000 has been collected on this collateral, but the remaining amount is still uncollected. It is the duty of the superintendent of schools to reimburse the county school fund for this amount due, and the duty of the board of education to take proper steps to collect this sum from her. Certain members of the board of education are interested in the collection of this collateral, one member being the president of the bank, the board having required that the school money be deposited in the bank; and another member being maker of one of the largest notes which the superintendent of schools holds as collateral to secure her deposit. The petitioners are interested in the collection of the amounts due and the reimbursement to the county-school fund of the money due it, for the reason that each of petitioners is required to pay taxes into the school fund, and their taxes will be increased if collection is not made and the school fund is not reimbursed to the full amount. The plaintiffs made demand on the board to take such steps as were necessary to collect this fund, but no steps by suit or otherwise have been taken by the board to accomplish such collection. The board not only refuses to take the necessary steps to collect such sum, but will continue to refuse; and the balance now remaining uncollected of said fund "is likely to be lost entirely by reason of said complicity and collusion, unless the relief hereinafter prayed for be granted." The prayers are for an "accounting between the superintendent of schools and the board of education, fixing the exact amount of the public-school funds of the county which have been lost by reason of the facts herein set out; in other words the amount which is now due to be reimbursed to the county-school fund by reason of the facts herein set out;" that judgment and

decree be rendered in favor of the board of education against Mrs. McArthur Jones for the full amount shown to be due by her own accounting; and for general relief.

Mrs. Jones and the board of education filed separate but practically identical demurrers, on the ground that the petition does not state a cause of action; and on the grounds of multifariousness, misjoinder of parties defendant; that the plaintiffs have no right to bring the action; and that the plaintiffs have an adequate remedy at law by mandamus. The court overruled the demurrers, and the defendants excepted.

As will be observed, the petition alleges that the superintendent of schools had a sum of money on deposit with the bank at the time it went into the hands of the superintendent of banks, and for her protection procured from the bank notes and other collateral, presumably in an amount sufficient to cover the amount of the deposit, though the petition is silent on this point. It is not alleged that the collateral is not good, and that the money can not be realized. There is no allegation of fraud on the part of the superintendent of schools in having failed up to this time to collect the full amount due; and it is alleged that about half of the money she had on deposit at the bank has been collected on this collateral. It is not alleged that all of the collateral not realized on is due, or that there has been any default in any of the collateral, and that the county-school fund will lose any part of the money. The only complaint made by the plaintiffs is that because of the outstanding sum not yet collected on the collateral their taxes may be increased, and that the county fund will lose some amount not named. There are no allegations to show that the school superintendent has failed to produce and pay over any funds as required by law. The mere failure of the bank does not show any breach of duty on the part of the school superintendent. The petition shows a difference of about $10,000 between the sum deposited in the bank and the sum realized on the collateral; but, for aught that is shown, this difference may be paid over by the superintendent, regardless of the failure of the bank, at such time as she may be required by law to apply the money for the purposes for which it was entrusted to her keeping. *Century Indemnity Co.* v. *Fidelity & Deposit Co.*, 175 *Ga.* 834 (166 S. E. 235) ; *Board of Commissioners* v. *Massachusetts Bonding &c. Co.*, 175 *Ga.* 584 (165 S. E. 828).

The plaintiffs rely on the case of *Brown* v. *Taunton,* 169 *Ga.* 240 (150 S. E. 206), as authority for citizens and taxpayers to bring a suit of this character, and as authority to compel an accounting. While that decision is authority for the proposition that citizens and taxpayers were proper parties in such a suit as the present, yet in that case it was alleged that the treasurers of the school system had misappropriated money in their hands for school purposes, and that the money had been misspent. Here there is no allegation of misappropriation, or that the money was used for any purpose not authorized by law, and the case just cited is not authority for holding that the present petition sets out a cause of action. The court erred in overruling the general demurrer.

*Judgment reversed. All the Justices concur.*

On motion for rehearing ATKINSON, J., dissents from the opinion.