BENNETT *et ux. vs.* WALKER *et al.*, commissioners.

1. By express provision of the constitution of 1877, all suits by or against a county must be in the name thereof. It follows that when the county magistracy, such as commissioners, sue for land officially in their own names, no recovery can be had if they have had no actual possession, and if the title is not in them but in the county.

2. When the same persons or board constitute the corporate magistracy of a county and of a city, and, in complaint for land, they sue in the former character upon prescriptive title in the county, they cannot recover on proof of title in the city.

3. Acceptance of a deed from the ordinary, made by him officially, is a recognition by the purchaser of title in the county at the date of the deed, and whilst the purchaser is in possession under such deed he holds under the county. The deed of the ordinary does not pass title out of the county, he having no legal power to make it, but only to authorize it to be made by some one or more other persons as a commission. Such deed, however, if free from fraud, will be color of title on which to base a prescription; but if tainted with actual fraud affecting the conscience of the purchaser, possession under it will not avail. The jury may infer actual fraud from a false recital in the instrument as to the mode of sale, together with inadequate consideration, and the further fact that the sole consideration was a claim by the purchaser for insolvent costs due him as sheriff, to the payment of which the general revenue or the property of the county could not by law be appropriated, the claim being a legal charge only on fines and forfeitures.

County matters. Parties. Ejectment. Deed. Color of title. Prescription. Fraud. Before Judge FLEMING. McIntosh Superior Court. May Term, 1879.

On September 19, 1878, the county commissioners of McIntosh county brought complaint against James R. Ben-

nett and his wife for a lot of land in the city of Darien and mesne profits.

On November 1st, 1878, the defendants pleaded the general issue, and on May 1st following, at the time of going to trial, amended by pleading title by prescription, by denying that the land had been of any profit, by alleging that Bennett purchased *bona fide,* and being in possession under a claim of right, substantial improvements were erected to the value of $800.00, praying compensation therefor in the event of recovery by plaintiffs of the land. The evidence for the plaintiffs presented, in brief, the following facts :

The old court-house was on the lot in controversy from 1829 to about 1864, when it was burned. It was not used in any way thereafter until about the year 1869, when the defendants took possession. The land comprised a reserved lot formerly belonging to the city of Darien, used as a place for shows, etc. At least twenty years before 1861 an arrangement was made between the city of Darien and the county of McIntosh under which the justices of the inferior court erected a court-house on the lot, and it then ceased to be used by the city in any way, and was always under the control and custody of the county. No deed was ever made from the city to the county. The latter never used the lot after the old court-house was burned. A new court-house was erected on a different lot after the war ; that was burned in 1873 ; the present court-house was erected on the same spot in 1877.

Here the plaintiffs closed, and defendants moved for a non-suit. The motion was overruled, and they excepted.

The defendants introduced a deed to James R. Bennett; from the ordinary, conveying the property in dispute, commencing as follows :

"STATE OF GEORGIA, McIntosh county :

"Whereas the honorable Lewis Jackson, ordinary of the county of McIntosh, in the state aforesaid, did pass an order on the 17th of August, 1869, to sell at public outcry, at the court-house door in the city of Darien, on Monday, the 23d of August, 1869, between the legal

hours of sale, the lot on which the former court-house stood; and whereas, on said 23d of August, 1869, in compliance with said order, the said lot was put up at public outcry as directed, when James R. Bennett became the highest and best bidder, and the same was knocked off to him, the said James R. Bennett, for $51.60: Now, this indenture, made the 23d of August, 1869, between the said Lewis Jackson, ordinary as aforesaid stated, of the first part, and the said James R. Bennett, of the county and state aforesaid, of the second part, witnesseth," etc.

Defendants further proved the value of the improvements, and closed.

Plaintiffs introduced Lewis Jackson, colored, who testified, in brief, as follows: Made the deed introduced by defendants. The lot was not sold at public outcry. Witness sold it to Bennett privately for an insolvent cost bill he held against the county as sheriff, for $51.60. Considered that he had the right to sell the lot to satisfy the claim. Witness made the order for the sale of the lot, as the deed recites, and the sale was fair and *bona fide* on both sides. Bennett receipted his claim against the county in full.

Much other testimony was introduced, not deemed material.

The jury found for the plaintiffs the premises in dispute. The defendants moved for a new trial upon the following, among other grounds:

1. Because the verdict is contrary to law, evidence, and the charge of the court.

2. Because the court refused to give in charge the following requests:

(a). "The deed of defendant upon the sale of the lot in question, at public or private sale, by the then ordinary of McIntosh county to defendant, James R. Bennett, for a debt legally due by the county to defendant for services regularly rendered, and for which the county was liable, is such color of title as can be shown by defendant, provided the purchase was *bona fide* and in good faith on the part of Bennett."

(b). Requested to give in charge §2683 of the Code.

(c). " The fact that the sale was irregular and improper on the part of the ordinary, cannot go to impeach the right and title of Bennett, if he purchased *bona fide*, for a valuable consideration, and has been in such possession for seven years before the bringing of this suit, as set forth in §2683 of the Code."

(d). Requested to give in charge §2906 of the Code.

(e). " The ripening of any prescription under §2683 of the Code, was not arrested because of the fact that no county commissioners were appointed until 1872."

3. Because the entire charge of the court, being substantially as follows, was calculated to mislead the jury:

" I charge you, gentlemen, that if the county was in the uninterrupted possession of the land in dispute for twenty years or more, then the county acquired a title, and the law presumes a grant from the state, and the plaintiffs have a right to recover. But the defendant also claims a title by prescription by reason of having been in possession of the lot seven years under the deed from the ordinary of the county. Now if the defendant has been in such possession, under such color of title, for seven years or more before the bringing of this suit, then he has a perfectly good title unless the deed was fraudulent. The question of fraud is one for the jury under the proof in the case. If the deed was made fraudulently then it conveyed no title to the defendant, and he has no right to the property. The whole point in the case is about the fraud. If there was no fraud then you should find for the defendant; if there was fraud then you should find for the plaintiffs."

4. Because the court refused the non-suit moved for on the close of the plaintiffs' testimony.

5. Because of newly discovered evidence to the effect that the sale under which defendants held was made at public outcry, as recited in the deed.

In support of this ground numerous affidavits were presented, which strongly indicated that the fact was as therein stated.

The motion was overruled, and the defendants excepted.

W. R. GIGNILLIATT; TOMPKINS & DENMARK, for plaintiffs in error.

RUFUS E. LESTER, for defendants.

BLECKLEY, Justice.

1. The constitution of 1877 declares, in article 11th, section 1st, that "all suits by or against a county, shall be in the name thereof." The case at bar was commenced after this constitution went into effect, and was not in the name of the county, but in the names of certain persons describing themselves as county commissioners. By the local act applicable to the subject, these commissioners constituted the proper board of magistracy to bring the action, but under the provision of the constitution just cited, it cannot be regarded as a suit by the county, not being in the name of the county. Possibly, if the evidence showed that the commissioners had once had actual possession of the property sued for, and had been deprived thereof, the action in its present shape might be maintainable to re-establish their possession, but no such fact appears. And it is not pretended that as individuals or natural persons they have any title to the premises. However ample may be the title of the county, there can be no recovery on it, for the very conclusive reason that the county is not before the court as a suitor. The county can be neither plaintiff nor defendant otherwise than in its own name.

2. Taking together the body of the declaration and the abstract of title annexed to it, and it is manifest that the complaint is founded upon prescriptive title in the county of McIntosh, and not upon any alleged title in the city of Darien. It is also clear that the character in which the plaintiffs sue has no relation to their functions as representatives of the city, but that they sue only as official organs of the county. And though true is it that by the act cre-

ating the board of commissioners (see Acts of 1876, p. 283) the same persons constitute the corporate magistracy of both county and city, yet the two corporations are not thereby blended or confounded, but they remain distinct and separate entities. It follows that the present action can no more be treated as a suit by the city than it can be treated as a suit by the county, and that no recovery could take place on any title which the evidence may show to be, or to have been, in the city of Darien. In statutory complaint for land there is no fiction, and failure is inevitable where the party who brings the suit does not show in himself a right to the premises. The non-suit ought to have been granted on the defendant's motion.

3. If the county had been the party plaintiff in its own name, the result of the suit, under the facts in the record as a whole, should have turned upon the question of fraud or no fraud in the defendant's color of title—the deed from the ordinary under which the defendant took possession and held through the prescriptive term. That deed was made by the ordinary as representing the county, and by accepting it the purchaser recognized the county as owner of the premises at the time the conveyance was executed. So long as he held and occupied under the deed, he was in under the county as his acknowledged vendor. The deed would not operate as a conveyance of title out of the county, for the reason that the ordinary had no power to make it. In section 495 the Code declares, that " the ordinary has the control of all property belonging to the county, and may by order, to be entered on the minutes, direct the disposal of any real property which can lawfully be disposed of, and appoint a commission to make the titles thereto, and the conveyance of such commission in accordance with such order vests the grantee or vendee with the title of the county." For some reason, perhaps to prevent clandestine transactions injurious to the county, the ordinary is not permitted to execute any conveyance himself; he can only appoint a commission for that purpose. But even a void

V 61—21

deed, if believed to be valid, and taken in good faith, will serve as color of title on which to rest a prescription; though if tainted with actual fraud affecting the conscience of the purchaser, it will, of course, be unavailing. Code, §2683. There seems to have been some question of the mode of sale; and the recital of the deed on that subject was assailed as false. There was also a question touching the adequacy of the consideration; and there was evidence to the effect that the entire consideration was made up of insolvent costs which were a legal charge only on fines and forfeitures, and to the payment of which the general revenue or the property of the county could not lawfully be appropriated. No doubt these matters bore strongly against the good faith of the entire transaction, and would warrant a jury having convictions that way in finding fraud.

It follows from what we have said that the court erred both in refusing to grant a non-suit and in overruling the motion for a new trial.

Judgment reversed.