## ARNETT *vs.* THE BOARD OF COMMISSIONERS OF DECATUR COUNTY.

1. Where a suit was brought against the board of county commissioners of Decatur county, naming them, alleging that they had injured and damaged the plaintiff by proceeding, as such commissioners, to deprive him of a certain bridge and ferry franchise, and appropriating to the public use not only such franchises, but a portion of the lands belonging to him, by entering thereon, and had commenced and continued to lay off a public road on both sides of the river running there, and to erect a bridge over that stream within thirty or forty yards of the site on which plaintiff's bridge stood, and that they were preparing to use the same for the benefit of the public, this was designed as a suit against the county, and the board of commissioners, as agents of the county, were made parties instead of the county itself.

(*a.*) Since the constitution of 1877, all suits by or against a county must be in the name of the county. No legislative action was necessary to put this positive requirement of the constitution into operation, and provision had been made for service where the county was a party.

2. Such a suit having been brought against the board of county commissioners, it could not be amended by making the county a party ; nor could it be amended by striking the name of the board of county commissioners and changing the suit into one against the commissioners as individuals.

3. It is unnecessary to decide whether the action against the county is barred because of a failure on the part of the plaintiff to present his claim within twelve months

October 27, 1885.

Actions. Counties. Constitutional Law. Amendment. Before Judge HANSELL. Decatur Superior Court. November Adjourned Term, 1884

Reported in the decision.

LYON & GRESHAM, for plaintiff in error.

D. A. RUSSELL, by J. H. LUMPKIN, for defendants.

HALL, Justice.

When this case was called for trial in the superior court, a motion was made to dismiss it because it was improp-

erly brought against the board of commissioners of Decatur county,—that the suit was not maintainable against the defendants, as such commissioners; and the court having intimated an intention to sustain the motion, plaintiff then asked leave to amend, first, by striking from the declaration the words "Board of commissioners of Decatur county," so that the suit should proceed against the persons named as such county commissioners individually; and, secondly, by making the county of Decatur a party defendant to the suit, as counsel for original defendants had announced to the court, on arguing the motion to dismiss, that he represented the county, and not the board of commissioners. The leave asked to amend was refused, and the court then sustained the motion to dismiss the suit, and these are the errors alleged.

1. We think there can be little doubt that this was a suit against the county, and that the purpose was, if it had been successful, to obtain a judgment which would bind the county corporation. The petition set out by alleging that the board of county commissioners of the county of Decatur, to-wit, John P. Dickinson and four others, whose names were given, had injured and damaged petitioner ten thousand dollars, and proceeded to show that they, as such commissioners, had deprived him of a certain ferry and bridge franchise, and had appropriated to the public use, not only such franchises, but a portion of the lands belonging to him, by entering thereon, and had commenced and continued to lay off a public road on both sides of Flint river, and to erect a bridge over that stream within thirty or forty yards of the site on which plaintiff's bridge stood, and that they are now prepared to use the same for the benefit of the public, etc When it is remembered that it is incumbent upon the counties to open roads and erect bridges across streams for the public accommodation and convenience, and that the board of commissioners are the agents of the county for the performance of this duty, we apprehend the character and purpose of this action is

hardly questionable. It was designed as a suit against the county, and the board of commissioners, as agents of the county, instead of the county itself, were made defendants. A county cannot be proceeded against in this way; before it can be called upon to answer to suits against it, the action must name it, and not its agents, as defendants.

By a provision of the constitution of 1877 (Code, §5222), it is declared that " each county shall be a body corporate, with such powers and limitations as may be prescribed by law. All suits by or against a county shall be in the name of the county."

It was insisted by counsel that this requirement of the constitution would not be operative without legislation to carry it into effect, and that no provision had been made as to the persons on whom process could be served, where a county was the defendant. We think otherwise. The direction as to the proper and only proper parties is positive, and existing legislation has made provision for service in cases where a county is the defendant. Code, §§491, 492. In *Bennett et ux. vs. Walker et al.*, 64 *Ga.*, 326, the suit was brought in the name of commissioners, instead of that of the county, and it appearing that the county was the party really interested, this court, in reversing the judgment and ordering the suit dismissed, held that, under this provision of the constitution, all suits by or against a county must be in the name thereof, and that it followed where the county magistracy, such as commissioners, sue for land officially in their own names, no recovery can be had. It is true, that was an action of ejectment, and it is added, " that they could not maintain the suits, if they had no possession of the land, and if the title was not in them, but in the county;" but we do not perceive that the peculiar character of the suit distinguishes it from others in which the right of action is in the county, or where the liability is upon it for a violation or invasion of the rights of private persons, by their agents, acting officially within the scope of their authority, such as laying out and main-

taining roads and bridges, and the appropriation of lands belonging to others, for such public purposes. It is therefore evident that the judgment dismissing this suit was imperatively demanded by this constitutional provision, unless the amendments offered should have been allowed.

2. We are of opinion that the court was right in refusing each of them. To maintain that a suit which had not been brought against a county as a corporate body could be so amended as to make the county, with others, a party would, as it seems to us, be not only an evasion of the stern legal requirements already invoked, but would be in open violation of section 3480 of the Code, which forbids the allowance of an amendment adding a new and distinct cause of action or new and distinct parties, unless expressly provided for by law. We know of no such provision.

What is true of this amendment is likewise true of the proposition to strike from the declaration words which would have changed the suit from one against the commissioners officially to one against them in their individual capacity. Code, §3258, and citations; *Gill vs. Tison et al.*, 61 *Ga.*, 161; *Tiller vs. Spradley*, 39 *Ga.*, 35.

3. Another question has been made and argued in this case, but which does not seem to have been passed upon by the court below. It is insisted that no action could be maintained against the county unless the plaintiff's claim had been presented to and refused by the board of county commissioners, and not then unless it had been brought within a year from the date of the refusal, and the following citations were made as applicable to this position: Code, §507; *Powell vs. The County of Muscogee*, 71 *Ga.*, 587; *Maddox vs. The County of Randolph*, 65 *Id.*, 216. Whatever may be the merit of this suggestion, it is wholly unnecessary, under the facts of the record, to consider it, and as there was no judgment passed on it by the superior court, it would seem best to leave it without further remark.

Judgment affirmed.