## JACKSON, executrix, v. DOUGHERTY COUNTY.

*Simmons, C. J.*—1. An action by named persons as commissioners of roads and revenues of a specified county is not an action by the county, and cannot be made the means of obtaining for such county any relief, legal or equitable, to which it may be entitled. See *Bennett* v. *Walker,* 64 *Ga.* 326; *Arnett* v. *Commissioners,* 75 *Ga.* 782, and other decisions to the same effect.

2. Even if the present action had been properly brought in the name of the county, it would seem that under a deed made in 1854, donating a city lot to the justices of the inferior court thereof and their successors, "for county purposes, to be used for the public buildings of the said county and for vacant grounds to surround them, and for no other purpose whatever," the county authorities would not, upon determining to abandon or discontinue the use of the lot for the purpose specified in the deed, be entitled, as against the grantor's estate, to obtain an order of the superior court authorizing a sale of the property, or a decree cancelling as a cloud upon the county's title a claim of reversion under that deed asserted by the grantor's representative. Apparently the estate or interest which passed by the deed was simply and plainly a restricted use.

*Judgment reversed.*

July 20, 1896.   By two Justices.   Argued at the last term.

Petition.    Before Judge Bower.    Dougherty superior court.    April term, 1895.

On July 10, 1854, John Jackson conveyed to the justices of the inferior court of Dougherty county, and their successors in office, in consideration of one cent, city lot 26 on the corner of Flint and Washington streets in Albany, containing a quarter of an acre, "for county purposes, to be used for the public buildings of the said county and for vacant grounds to surround them, and for no other purpose whatever."    Upon the deed was written a contemporaneous note signed by Jackson, viz: "Lot No. 26 in the above deed named is donated to the County of Dougherty by me, in consequence of my preference of that locality and its immediate vicinity for the location of the public buildings of the county."    On February 22, 1893, a petition to the superior court was brought by the commissioners of roads and revenues of the county, praying for an order allowing them to sell the lot so conveyed; alleging that it is the object and desire of the county to sell the lot and apply the proceeds of sale to the erection of a new jail (the present jail being on the lot in question), such new jail to be on a lot more remote from the public streets and depots of the town, to wit, on the same street and locality due west from the present jail, to which the county has title under a deed of the same date as the one before mentioned, from said Jackson, conveying lots 28, 30, 32, 34 and 36, in consideration of $900, all of which lots lie on Flint street west of said lot 26 and joining thereto; "and for the purpose of removing said cloud from said lot 26 as aforesaid, and to enable your petitioners to sell the same," they pray for process against Jackson.    The petition further states that it is desirable and necessary to change the location of the jail, the present one being defective and unsafe, etc.

Jackson filed his answer, objecting to the grant of the

order, and alleging that petitioners have no right to the same, and that the county accepted said land under the deed of gift, and has up to date used it for the purposes therein specified. The case having been submitted to the judge, he passed an order, "that the plaintiff do have leave to sell the lot of land set forth in said petition, without prejudice to the defendant's right to sue for damages."

*W. T. Jones*, for plaintiff in error.
*R. Hobbs* and *Wooten & Wooten*, contra.