HENRY *et al. v.* MEANS.

LUMPKIN, J. 1. Under the general powers of the county commissioners of Pulaski county (Acts 1896, p. 279) they have authority to provide for the safe-keeping and preservation of the records of deeds in the office of the clerk of the superior court. They may have the books containing such records rebound, when necessary, may provide a safe for their keeping, or may take like steps looking to their preservation. But there is no authority of law in such county commissioners, at the expense of the county, to employ an unofficial person to make a copy of certain deed books, on the ground that they are old and becoming somewhat dilapidated, and the ink on some of the pages is becoming faded. Such copies, when made, would have no official character, and import no verity. They could not be substituted by the commissioners in lieu of the official books, and would have no higher standing than private copies or memoranda.

(*a*) The transaction here involved was not a proceeding seeking to establish records under the Civil Code (1910), §§ 5810 et seq.

(*b*) In so far as it was sought to justify the contract of the county commissioners with an individual to make a copy of certain deed books because of the recommendation of the grand jury, that body recommended that some of the old books in the clerk's office be rebound and put in condition, not that they be copied.

(*c*) Whether or not, construing the provision in the Civil Code (1910), § 4892, par. 9, in reference to the transcribing by the clerk of the contents of any books of record which may be in a dilapidated condition in connection with its context, in which certain deed books are enumerated, such provision contemplates the copying of deed books, it would not avail the defendant commissioners in this case.

2. Though the contribution of a taxpayer to the public fund of a county may be small in proportion to the aggregate, he has such a pecuniary interest in the sum made up from taxes, of which his forms a part, as to authorize him to prevent an illegal diversion of such sum. Accordingly he may file an equitable petition to enjoin county commissioners from paying out public funds upon an unlawful contract. *Koger* v. *Hunter,* 102 *Ga.* 76 (29 S. E. 141); *Mitchell* v. *Lasseter,* 114 *Ga.* 275 (4) (40 S. E. 287); *Clark* v. *Cline,* 123 *Ga.* 856, 864 (51 S. E. 617).

3. The legal title to funds in the county treasury is in the county. If some of them have been unlawfully paid out upon a contract which the county commissioners were not authorized to make, a suit to recover them must be brought in the name of the county. An individual taxpayer has no right to bring an action in his own name against the

county commissioners for the purpose of recovering from them the amount so paid out by them, or to require them to repay it to the county treasurer. Civil Code (1910), § 6594; *Bennett* v. *Walker*, 64 *Ga.* 326; *Arnett* v. *Board of Commissioners of Decatur County*, 75 *Ga.* 782; *Cook* v. *Board of Commissioners of Houston County*, 62 *Ga.* 223.

(a)  This is true although the county commissioners may be the persons who would ordinarily institute suits in the name of the county.

4. Inasmuch as, under the undisputed evidence, the legal principles above announced are controlling of the final result, it is unnecessary to discuss the rulings of the court in detail, or to remand the case for a new trial if any of the rulings are inaccurate. Accordingly, the judgment is affirmed in so far as it enjoins further unauthorized payments from the county treasury. But direction is given that the verdict and judgment be set aside in so far as they provide for the recovery of a sum of money by the plaintiff against the county commissioners.

*Judgment affirmed in part, and reversed in part, with directions. All the Justices concur, except Beck, J., absent, and Hill, J., not presiding.*
                    NOVEMBER 16, 1911.

Complaint. Before Judge Martin. Pulaski superior court. October 3, 1910.

*H. E. Coates,* for plaintiffs in error.  *H. L. Grice,* contra.