McGinnis *v.* McKinnon *et al.,* commissioners.

Atkinson, J. 1. A taxpayer may bring a suit directly against county officials, to enjoin them from doing an unauthorized or illegal act, without making the county a party. *Mitchell* v. *Lasseter,* 114 *Ga.* 275 (40 S. E. 287); *Henry* v. *Means,* 137 *Ga.* 153 (2) (72 S. E. 1021); *Dancer* v. *Shingler,* 147 *Ga.* 82 (2) (92 S. E. 935).

(*a*) A suit of the character above mentioned differs from suits to obtain legal or equitable relief for or against counties. In suits of that character the county is the proper party. Civil Code (1910), §§ 6594, 385; *Arnett* v. *Board of Commissioners of Decatur County,* 75 *Ga.* 782; *Jackson* v. *Dougherty County,* 99 *Ga.* 185 (25 S. E. 625); *Henry* v. *Means,* supra.

(*b*) In so far as the taxpayers in this case sought injunctive relief to prevent alleged unauthorized and illegal acts of the commissioners, the action was properly brought against the governing county officials.

(*c*) The petition also seeks equitable relief in behalf of the county. As to that character of relief the county alone could sue.

2. The constitution of this State, article 7, section 6, paragraph 2 (Civil Code of 1910, § 6562), limiting the purposes for which county taxes may be levied, authorizes delegation of power to counties to levy taxes "to build and repair the public buildings and bridges; . . and for . . roads, . ; and to provide for necessary sanitation." The act of 1870 (Acts 1870, p. 441), creating a board of commissioners of roads and revenues in Glynn County, confers upon said board exclusive jurisdiction: "1. In supervising and controlling all property of the county, as they may deem expedient, according to law. 2. In establishing, altering, and abolishing all roads, bridges, and ferries, in conformity to law. . . 6. In making such rules and regulations . . for the promotion of health, as granted by law or not inconsistent therewith." The amendatory act of 1898 (Acts 1898, p. 366) confers upon said board the entire control and management of convicts sentenced to work on the public works of the county, and declares that the board of commissioners shall employ the convicts "on the public roads and works of

---

Counties, 15 C. J. p. 537, n. 27; p. 583, n. 50; p. 642, n. 86; p. 645, n. 31; p. 665, n. 60.

Highways, 29 C. J. p. 564, n. 6; p. 584, n. 74; p. 727, n. 81.

said county, . . and to improve the sanitation of said county." The Civil Code (1910) authorizes counties to levy a tax for "county purposes" (§ 508). It includes, among the purposes for which taxes may levied, "to build or repair . . bridges or ferries, or other public improvements" (§ 513 (2)). It specifically authorizes counties to levy a tax "for working, improving, and repairing the public roads, as herein set forth" (§ 696). It provides that counties may work, improve, and repair the public roads by employment of chain-gang or free labor, or by contract with private parties or corporations, adopting such methods separately or conjunctively (§ 697). *Held:*

(*a*) Under a proper construction of the foregoing excerpts from the acts of 1870 and 1898 and of the code sections cited, considered in the light of the constitution, the board of commissioners of roads and revenues has authority, in the exercise of a sound discretion, to construct a pier upon the property of the county at the terminus of one of the public roads on the Island of St. Simons, as a part of such road, to be used by the public for the purpose of enabling boats and vessels to make landings, thereby affording means of transportation to and from the island by navigation, and, in connection with such pier and as a part of the same structure, to provide a pavilion to which the public may resort for observation and recreation; and also to provide rest-rooms and refreshment-stands for public comfort and convenience, where the primary object of constructing such improvements is for the promotion of public convenience, health, and general welfare.

(*b*) The board of commissioners of roads and revenues may incidentally make charges for the use of the property and for concessions to help bear the expense of maintaining the enterprise. *Holton* v. *Camilla,* 134 *Ga.* 560 (68 S. E. 472, 31 L. R. A. (N. S.) 116, 20 Ann. Cas. 199); *Cornelisen* v. *Atlanta,* 146 *Ga.* 416 (91 S. E. 415); *Wood* v. *Floyd County,* 161 *Ga.* 743 (131 S. E. 882).

(*c*) The board of commissioners of roads and revenues may pay for the construction of such improvements with any funds of the county that are not restricted to any other particular purpose. *Tate* v. *Elberton,* 136 *Ga.* 301 (6) (71 S. E. 420).

(*d*) If necessary, a county tax could be levied to pay for such improvements under the powers conferred by statute as authorized by the constitution, to build and repair the public buildings and bridges, and for roads, and to provide for necessary sanitation.

(*e*) No question is involved in this case as to the power of the county to create a debt.

(*f*) Under the pleadings and the evidence at the interlocutory hearing the judge was authorized to find that the board of commissioners of roads and revenues were not employing money to pay the costs of the improvements, the use of which was restricted to some other particular purpose; also that the improvements were made primarily for the public convenience, health, and general welfare.

3. Under the pleadings and evidence the judge did not err in refusing an injunction.        *Judgment affirmed. All the Justices concur.*

No. 6086. February 25, 1928.

Petition for injunction.  Before Judge J. H. Thomas.  Glynn superior court.  April 23, 1927.

The exception is to a judgment refusing an interlocutory injunction in a suit instituted by a taxpayer against the board of commissioners of roads and revenues of Glynn County.  The acts sought to be enjoined, alleged in the petition as amended, are: (a) the building of a pier, a pavilion, a comfort-room and dance-hall as one "project" on St. Simons Island; (b) the expenditure of money raised by taxes for making said improvements; (c) the expenditure for such improvements of money representing the proceeds of "a certain bond issue" made by the county; (d) the expenditure on such purpose of money received as tolls from the "toll-bridge;" (e) the leasing of the property and the granting of "concessions thereon," thereby engaging in business in competition with taxpayers and private citizens.  The grounds of injunctive relief are:  (a) the improvements are not of the kind for which expenditures may be made under the Civil Code (1910), § 6562, limiting the taxing powers of counties in the State; (b) if the improvements could be made under authority of that constitutional provision, it would be only under that part relating to roads and bridges, and only by complying with the law relating to advertising for bids, the letting of the contract to the lowest bidder, taking from the contractor a bond approved, none of which requisites was complied with; (c) the proceeds of the bond issue could not be expended for making such improvements, because "no mention thereof was made in the advertisement preceding the election;" (d) the money arising from tolls collected from the toll-bridge could not be expended for making such improvements, because such tolls could not be so applied until the bonds issued for erection of the toll-bridge have been fully paid; (e) the acts of leasing the property and granting concessions thereon are unlawful, because such acts amount to engaging in business in competition with taxpayers, and are beyond the power of the commissioners.  The prayers are that the defendants be enjoined "from the erection of and rebuilding of said pier, the erection of said pavilion, rest-room, dance-hall, etc.,  .  .   and from the expenditure of any tax money, bond money, assessments, or other moneys of the taxpayers of said county for such purposes;" and "from paying out any money for the sites on which is to be located said pier,  .  .

as well as for material therefor and labor thereon." The defendants filed a demurrer and answer. The plaintiff filed a motion to strike certain portions of the answer, which the judge considered with the evidence. The answer, introduced as evidence, denied the material allegations of the petition, and alleged substantially the following: (a) Defendants have no intention of using any of the bond money or money derived from taxes for the purpose of making the improvements, but will make the improvements by application of funds derived from operation of the toll-bridge (concerning which further statements will appear hereinafter); (b) the toll-bridge consists of a highway heretofore constructed by the county in conjunction with the City of Brunswick, extending from Brunswick to the Island and having upon its course several toll-bridges as allowed by law. The amount of tolls therefrom depends upon the amount of travel. This is the only highway connecting the Island with the mainland. There are several bridges on the highway, and in the event of disaster to one or more of them there would be no way of passage to and from the Island except by water. There is no public landing-place for boats and vessels on the Island. The county has a system of public roads on the Island, which connect with the highway. One of the public roads, called "Mallory Street," at the south end of the Island extends to low water mark on the shore. At this point the county has purchased and paid for certain realty on which to make the improvements as one project, the object of the pier being to provide a public landing-place at the foot of "Mallory Street" and as a part thereof, in order that there may be another transportation route for use of the public to and from the Island, the object of the pavilion over the pier being to provide a place of resort for "airing, observation, and recreation" as necessary for public convenience, comfort, and health. In connection with these, and having also the object of public convenience, comfort, and health, is the plan for public rest-rooms, refreshment-stands, and the like. The local and visiting populations are so great as render said public conveniences necessary for the promoting of health. (d) From the tolls received from the highway there has accumulated "profit to the said county, over and above upkeep," in a stated sum, "and the net income to the county" is a stated sum monthly, from which the cost of the improvements will be made. (e) The improve-

ments are being made solely for the use and benefit of the public. There is no intention to commercialize the project. If after completing the improvements defendants should determine to rent or lease concessions in connection with the improvements, it will be merely incidentally "to help defray the expenses of maintenance and operation of the property, and such as will in no manner control the free use and enjoyment of the whole property by the public." (f) If it should ever become necessary to apply tax money or bond money to payment of the improvements, defendants in behalf of the county would have the discretion to do so, under any one or all of the three provisions of the constitution heretofore cited, viz., to build and repair the public buildings and bridges, to pay for roads, and to provide for necessary sanitation.

*Henry O. Farr,* for plaintiff.

*E. C. Butts, F. M. Scarlett,* and *Conyers & Gowen,* for defendants.