SWOGER *v.* GLYNN COUNTY *et al.*

No. 10394.   NOVEMBER 17, 1934.

*B. N. Nightingale,* for plaintiff.

*Conyers & Gowen,* for defendant. *E. Smythe Gambrell,* as amicus curiæ.

ATKINSON, J. In pursuance of an amendment to the constitution of this State, proposed by the General Assembly (Ga. L. 1931, pp. 97-101) and duly ratified at the general election held on November 8, 1932, an act was approved, March 1, 1933 (Ga. L. 1933, p. 161), purporting to authorize the State Highway Board to issue to the several counties of the State and to the Coastal Highway District and to the counties of that district certain certificates of indebtedness for stated amounts, called refunding certificates, which were expressly declared to be negotiable and non-taxable. In section 12 of the act it was in part declared that "all funds received or realized (or so much thereof as may be necessary) from the certificates of indebtedness issued or to be issued by the State Highway Department to the several counties of this State, as well as to the Coastal Highway District and the counties of said districts, . . shall be first applied by the fiscal or governing authorities of said political subdivision receiving said certificates to the payment

of that part of the outstanding and unpaid bonded indebtedness of such political subdivision incurred and used for the construction and . . paving of the public roads or highways (including bridges) of the State, as contemplated and defined by article 6, section 1, of the act approved August 18th, 1919, as said section appears on page 252 of the Georgia Laws of 1919." In section 13 of said act as amended by the act approved March 22, 1933 (Ga. L. 1933, p. 158), it was in part declared "that said political subdivisions be and they are hereby authorized to sell any of the said certificates of indebtedness of said Highway Department for the purpose of paying any of said bonded indebtedness hereinbefore referred to, or of acquiring or retiring any of said outstanding bonds hereinbefore referred to, or for the purpose of investing the proceeds of the same in securities now approved by law, for the purpose of placing the same in the sinking-fund of said counties or highway districts hereinbefore referred to, and to sell and . . use any surplus thereof for any other proper and legal county purpose; provided, that in the event of sale the same shall not be discounted at a rate exceeding five (5) per cent. per annum." The amount of certificates issued to the County of Glynn was $420,745.28. This amount exceeded the bonded indebtedness of the county as referred to in the act, thus producing a surplus.

In *McGinnis* v. *McKinnon,* 165 *Ga.* 713 (141 S. E. 910), this court recognized as a proper and legal county purpose the construction by the county of "a pier upon the property of the county at the terminus of one of the public roads on the Island of St. Simons, as a part of such road, to be used by the public for the purpose of enabling boats and vessels to make landings, thereby affording means of transportation to and from the island by navigation, and, in connection with such pier and as a part of the same structure, to provide a pavilion to which the public may resort for observation and recreation; and also to provide rest-rooms and refreshment-stands for public comfort and convenience, where the primary object of constructing such improvements is for the promotion of public convenience, health, and general welfare." The purpose there to be accomplished was twofold: (1) public convenience and welfare in the matters of public travel and transportation; (2) promotion of health and the general welfare. The first is generally illustrated by construction and maintenance of public roads

and highways. The second has been illustrated by the building and operation of an ice-plant by a city, as ruled in *Holton* v. *Camilla*, 134 *Ga.* 560 (68 S. E. 472, 31 L. R. A. (N. S.) 110, 20 Ann. Cas. 199). In *McClatchey* v. *Atlanta*, 149 *Ga.* 648 (2) it was held: "Under former rulings of this court, 'the building of a cyclorama, museum, and similar quarters in Grant Park for the housing of the cyclorama picture and such collections suitable for a museum as the city may have or which may be donated for such purposes,' is a public or governmental function. *Cornelisen* v. *Atlanta*, 146 *Ga.* 416 (91 S. E. 415), and cit.; *City of Warrenton* v. *Smith*, 149 *Ga.* 567 (101 S. E. 681); *Board of Fulton* v. *Board of College Park*, 147 *Ga.* 776 (3), 779 (95 S. E. 684). There is no provision in the constitution of the State or of the United States prohibiting the legislature from requiring the municipality to expend its revenues for the building and maintenance of such museum; and the requirement expressed in the statute mentioned above, having reference to the performance of a governmental function, is valid and binding upon the city. 28 Cyc. 301; Cooley's Const. Lim. (7th ed.) 335; Cooley's Mun. Cor. 67; 19 R. C. L. 763, § 68, and numerous cases cited." The instant case, as did *McGinnis* v. *McKinnon*, supra, involves means to facilitate public travel and transportation partly by land and partly by water, and is a proper county purpose for convenience and general welfare of the public. One of the matters in question is the building of a "boat-garage" on land of the County of Glynn on the Island of St. Simons at a point where one of the public roads approaches the seashore, the improvement consisting of a pier for use of the public for landing boats and vessels and equipped with a "basin" wherein boats and vessels may be safely moored and stored, the main purpose of which is to facilitate travel and transportation over water and land. This is a reasonable and proper county purpose to accommodate the public convenience and general welfare in the matter of travel and transportation, and, being of such character, is lawful, there being no statute or provision of the constitution denouncing or declaring such purpose to be unlawful. The building and maintenance of the said "boat-garage" therefore is "a proper and legal county purpose" within the meaning of section 13 of the act approved March 1, 1933, supra, as amended; and being of such character, the act of 1933 expressly confers power

upon the county to sell and use the surplus certificates referred to above for the said purpose.

■ Another matter in question is the building and maintaining by the County of Glynn on land of the county on St. Simons Island of an airport, the main purpose of which is to facilitate travel and transportation which is in part by aviation and in part by land. There is now not only public travel and transportation by land and by sea but also public travel and transportation by land and by air. Aviation like navigation must have contact with roads or highways on land, and every reason for establishment and improvement of facilities for travel and transportation which passes partly over land and partly over water applies to travel and transportation which passes partly through air and partly on land. To establish and maintain on land facilities for all such travel and transportation is a public county purpose. Section 1 of the uniform airports act approved March 23, 1933 (Ga. L. 1933, p. 102) provides: "Municipalities, counties, and other political subdivisions of this State are hereby authorized, separately or jointly, to acquire, establish, construct, expend, own, lease, control, equip, improve, maintain, operate, regulate and police airports and landing-fields for the use of aircraft, either within or without the geographical limits of such municipalities, counties, and other political subdivisions, and may use for such purpose or purposes any available property that is now or may at any time hereafter be owned or controlled by such municipalities, counties, or other political subdivisions." In Hesse v. Rath, 249 N. Y. 435 (164 N. E. 342), it was said: "A city acts for city purposes when it builds a dock or a bridge or a street or subway. Sun Printing & Publishing Ass'n v. City of New York, 152 N. Y. 257, 46 N. E. 499, 37 L. R. A. 788. Its purpose is not different when it builds an airport. Wichita v. Clapp, 125 Kan. 100, 263 Pac. 12. Aviation is to-day an established method of transportation." See also City of Mobile v. Lartigue, 127 So. 257 (3-4); *Thrasher* v. *Atlanta, 178 Ga.* 514-517. The building and maintaining of the airport involved in the instant case is "a proper and legal county purpose" within the meaning of section 13 of the act approved March 1, 1933, as amended (supra); and being of such character, the act expressly confers power upon the county to sell and use the surplus certificates referred to therein for the said purpose.

■ The constitution of this State, article 7, section 6, paragraph 2 (Civil Code of 1910, § 6562), limiting the purposes for which county taxes may be levied, authorizes delegation of power to counties to levy taxes "to build and repair the public buildings and bridges; . . and for . . roads; . . and to provide for necessary sanitation." This provision does not deny the right of counties to build and maintain public roads, nor is the power of the legislature limited by this or other provisions of the constitution in the matter of building or locating public roads, or their width or character, but all such matters are left to the wisdom of the legislature and are proper subject-matters for legislation. The above provision of the constitution is only a limitation as to the purposes for which taxes may be levied. The present case does not involve the power to levy taxes, as the funds intended to be appropriated by the county are not derived from taxation. However, if it should be conceded that the question of levying taxes is involved, the legislation, expressed in the uniform airport act quoted above, would be authorized under the power expressed in the constitution to levy taxes for the purpose of "roads," the main purpose of which is to accommodate the public necessity and convenience in the matter of public travel and transportation. This principle was ruled in *McGinnis* v. *McKinnon,* supra, although in that case the improvement in question went further and concerned public sanitation and health and other incidental matters. It follows that the said uniform airport act is not void as violative of article 7, section 6, paragraph 2, of the constitution (Civil Code, § 6562).

The foregoing rulings recognize the necessity for express legislation, and conform to the principle of strict construction contended for in the very elaborate and able brief of the attorney for the plaintiff, as announced and applied in *Koger* v. *Hunter,* 102 *Ga.* 76 (29 S. E. 141), *Howard* v. *Early County,* 104 *Ga.* 669 (30 S. E. 880), *Decatur County* v. *Roberts,* 159 *Ga.* 528 (126 S. E. 460), and other similar cases.

■ The judge did not err, under the pleadings and the evidence, in refusing an injunction.

*Judgment affirmed. All the Justices concur.*