28015.   OLIVER *v.* HALL COUNTY MEMORIAL HOSPITAL.

DECIDED MARCH 13, 1940.

*B. P. Gaillard,* for plaintiff in error.

*W. V. Lance, Bill Lance,* contra.

GUERRY, J. Hall County, operating a hospital under the name Hall County Memorial Hospital, brought suit against H. T. Oliver on an open account. A demurrer to the petition was overruled, and the defendant excepted. The plaintiff alleged, that the account sued on was in the amount of $270.50, and the itemized statement attached to the petition disclosed that this sum was charged for room and board, anæsthetic, use of operating room, protonsil injections, morphine, atropine, and other medicines; that the governing authorities of Hall County, to wit, the commissioners thereof, principally for the purpose of rendering hospital services to the people of the county who were unable to secure and pay for hospital services, established a hospital in a building which had been originally constructed as a paupers' home and for which there was no further use for such original purpose; that in order to lessen the expense of the care of poor patients said hospital was opened to the general public, with provisions that those patients who were able to pay should pay for the services rendered them; that Dr. R. L. Rogers was selected general supervisor of the hospital; and that it was operated by trained nurses and internes under his general supervision. The defendant demurred on the ground that the petition fails to set out a cause of action; that it shows no right in the plaintiff to maintain the action; that "the petition shows that Hall County is doing business under a trade-name, to wit, Hall County Memorial Hospital, without showing how and for what purpose it is being operated, or under what right or authority it is maintained, or by or through what agency or officials it is operated, or under what governmental sanction or legislative act it is being operated;" that such attempted business is beyond the right or authority of Hall County, and contrary to its corporate or statutory

right; that there is no sufficient itemized statement; that the petition fails to show the person by whom the services were rendered; and that there is no proper plaintiff who has the right to maintain the suit.

A county's legal status is fixed, and it can exercise only such power as the General Assembly may grant. It possesses no powers not so conferred, either expressly or by fair implication from the statutes applicable. *Albany Bottling Co.* v. *Watson,* 103 *Ga.* 503, 504 (30 S. E. 270). However, express authority to a county board to do a particular thing will imply authority to employ such means and agencies as may be necessary to accomplish the act. *Atlanta Chamber of Commerce* v. *McRae,* 174 *Ga.* 590, 595 (163 S. E. 701). In other words, the express authority to a county to make rules and regulations for the benefit of paupers, and to promote the health of the county, will imply authority to operate and maintain a hospital in order to accomplish such acts. The board of commissioners of roads and revenues of Hall County were granted by the legislature the exclusive jurisdiction "in making such rules and regulations for the support of the paupers of the county and the promotion of the health of the county as are not inconsistent with the laws of the State." Ga. L. 1935, p. 665. The right of the city to establish and maintain an ice plant was upheld in *Holton* v. *Camilla,* 134 *Ga.* 560 (68 S. E. 472, 31 L. R. A. (N. S.) 116, 20 Ann. Cas. 199), and in *Saunders* v. *Arlington,* 147 *Ga.* 581 (94 S. E. 1022, Ann. Cas. 1918D, 907). The act authorizing the creation of drainage districts was upheld because founded on the principle of public benefit. *Almand* v. *Pate,* 143 *Ga.* 711 (85 S. E. 909). So also the building of an airport, the main purpose of which was to facilitate travel and transportation for public convenience and general welfare. *McGinnis* v. *McKinnon,* 165 *Ga.* 713 (141 S. E. 910) ; *Swoger* v. *Glynn County,* 179 *Ga.* 768 (177 S. E. 723). We think that by fair implication from this act of 1935, creating the board of commissioners of Hall County and specifying therein the jurisdiction of the board, the county in the instant case had authority and power to operate a hospital for paupers, and could incidentally make charges for the use of the hospital to those able to pay therefor, in order to help bear the expenses of maintaining the hospital. *McGinnis* v. *McKinnon,* supra.

It is argued that the county had no right to bring this action;

and that if said county placed the hospital in charge of Dr. Rogers, he and not the county should have brought this suit. The Code, § 2-8201, declares: "Each county shall be a body corporate, with such powers and limitations as may be prescribed by law. All suits by or against a county shall be in the name thereof; and the metes and bounds of the several counties shall remain as now prescribed by law, unless changed as hereinafter provided." In reference to this law our Supreme Court has said: "Three points comprehended in this section should be noted in connection with the present case: first, that each county is not merely a division, but is a body corporate; second, that the constitution contemplates the existence of power in a county to sue and be sued; third, that the metes and bounds of the counties shall remain unchanged, except in the manner provided by law. If a county is a body corporate with power to sue, no express limitation is put upon the class of subject-matters in respect to which that power can be exercised. If the county has a right which it becomes essential to enforce by process of law, or a wrong is being done which will be detrimental to the county and its interests, why should it not be allowed to enforce the right or seek a remedy against the wrong?" *County of DeKalb* v. *Atlanta,* 132 *Ga.* 727, 740 (65 S. E. 72). To allow the county to enforce the right, or seek a remedy against the wrong, is but in accord with a plain and simple rule of natural right and justice which would be applicable to transactions between private individuals; and there is no more reason why a person able to pay said bill (the contrary not appearing) should be entitled to be exempted from payment to the county than he would be had the services of the hospital been rendered by a private corporation. See *Haralson County* v. *Golden,* 104 *Ga.* 19 (30 S. E. 380). In an earlier construction of that part of the constitution the court said: "That constitution provided that 'all suits by or against a county shall be brought in the name thereof,' Civil Code, § 5924. It has been held that this provision was self-executing and needed no legislation to carry it into effect, and that a suit brought since the adoption of that constitution against the county commissioners of a given county was not properly brought, and no amendment could be made substituting the name of the county as a defendant." *Conyers* v. *Commissioners of Bartow County,* 116 *Ga.* 101, 104 (42 S. E. 419). See *Smith* v. *Fuller,* 135 *Ga.* 271 (4) (69 S. E. 177, Ann. Cas. 1912A, 70). We

therefore think that the county in the present case has the legislative authority, by implication, to maintain a hospital for the benefit of paupers, and may incidentally make charges for the use thereof by persons who are able to pay in order to help bear the expenses of maintaining said hospital, and, in accordance with a plain and simple rule of natural right and justice, may bring an action for said charges. Such suit was properly brought in the name of the county. *Commissioners of Houston County* v. *Howard*, 59 *Ga. App.* 451 (1 S. E. 2d, 222) ; *Bennett* v. *Walker*, 64 *Ga.* 326; *Jackson* v. *Dougherty County*, 99 *Ga.* 185 (25 S. E. 625).

Furthermore, we are of the opinion that where one has received the benefit of a contract (express or implied) with a county (a corporation) he is estopped to deny the power of the county to make said contract. Here the defendant received the benefit of the county's hospital, its nurses, internes, medicines, anæsthetics, operating room, and all of its facilities, under a promise to pay therefor. Can he now deny the power or authority of the county to operate said hospital and make said contract? We think not. He is estopped, for he has received a benefit. See 21 C. J. 1215, § 220; *Planters & Miners Bank* v. *Padgett*, 69 *Ga.* 159; *Imboden* v. *Etowah &c. Mining Co.*, 70 *Ga.* 86, 107; *Georgia Southern & Florida Railroad Co.* v. *Mercantile Trust & Deposit Co.*, 94 *Ga.* 306, 317 (21 S. E. 701, 32 L. R. A. 208, 47 Am. St. R. 153). The judge did not err in overruling the demurrer.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*