The allegations of the petition showing that the alleged cause of action for money had and received arose more than four years before the suit was instituted, and it not appearing that there was any fraud in connection with the transfer of the county warrant on which the money was paid such as to prevent the plaintiff from ascertaining the alleged invalidity of the warrant, or deter it from bringing the suit within the time required by law, the action was barred by the statute of limitations. The court did not err in sustaining the general demurrer and dismissing the action.
 DECIDED DECEMBER 4, 1942. REHEARING DENIED DECEMBER 18, 1942.
The Calhoun National Bank sued Yancey Brothers Inc. to recover the amount of money paid to defendant for a county warrant on Catoosa County, Georgia, with interest. The petition alleged: "3. That on February 16, 1937, said defendant sold to your petitioner an instrument purporting to be a warrant on the treasurer of Catoosa County, Georgia, dated October 13, 1936, in the principal sum of $3775.93, the same being signed by the ordinary and chairman of the board of commissioners of roads and revenues of said county, and which said purported warrant had been presented for payment to the Bank of Ringgold, Georgia, as treasurer of Catoosa County, on January 8, 1937, and bore proper notation by said bank of having been presented for payment and of no funds with which to pay the same. Said purported warrant was indorsed `without recourse' by Yancey Brothers Inc., by the secretary of said corporation, whose name appears to be O. M. Huie. 4. That said purported warrant appeared regular in form and was negotiated by Yancey Brothers Inc., the payee thereon, to your petitioner, said defendant representing that the same was a valid warrant of Catoosa County, Georgia. 5. That your petitioner on February 16, 1937, the date of the negotiation of said purported warrant, paid to Yancey Brothers Inc., the sum of $3550 therefor. 6. That on January 5, 1938, petitioner drew a draft on the Bank of Ringgold, Georgia, as treasurer of Catoosa County, for the principal and interest due on said purported warrant, which then amounted to $4015.50, which draft was not accepted but was returned by the *Page 662 
Bank of Ringgold, Georgia, unpaid, and your petitioner was advised to take up the matter of said warrant with one C. C. Vosburg, the then chairman of the board of commissioners of roads and revenues of Catoosa County, Georgia. 8. On August 9, 1939, your petitioner was notified by letter from the Bank of Ringgold that Catoosa County denied said purported warrant as being a legal liability against said county. 9. Your petitioner then communicated with Yancey Brothers Inc., in an effort to learn the facts about the issuance of said warrant and received no reply. It made an investigation and discovered that on September 10, 1935, said Yancey Brothers Inc. had sold to Catoosa County Farming Association a certain terracing machine. 10. That on October 13, 1936, said Yancey Brothers Inc., through its representative, appeared before and persuaded the board of commissioners of roads and revenues of Catoosa County to adopt the following resolution: `Motion by Mr. Watts and seconded by Mr. Kellerhalls, to underwrite payment on terracing outfit for three-year period. Motion carried.' 11. That on same date, October 13, 1936, the said purported warrant in question was issued by Catoosa County and delivered to Yancey Brothers Inc., pursuant to the above resolution. 12. That Catoosa County has denied that said warrant is a legal liability of said county and your petitioner shows that under the above facts Catoosa County is not liable legally for the payment of said warrant. 13. That on October 2, 1941, said Yancey Brothers Inc., defendant herein, took possession of said terracing machine and has the same in its possession. 14. That Catoosa County had no capacity to contract and issue said warrant to underwrite the payment on a terracing outfit previously sold to Catoosa County Farming Association, and that said warrant was not a genuine warrant of said Catoosa County, and that it was and is void and is not what it purports to be, to wit: a valid and binding warrant of Catoosa County. 15. That said defendant, having warranted that said county warrant was genuine and in all respects what it purports to be, and that the commissioners of roads and revenues of Catoosa County had capacity to contract and issue said warrant, is liable to your petitioner for the amount received from it on February 16, 1937, for said purported warrant in the sum of $3300, together with interest thereon at 7 per cent. per annum, for money had and received." *Page 663 
The defendant demurred generally, and on the ground that the cause of action was barred by the statute of limitations. Special demurrers were also filed. The court passed the following order: "Upon a hearing the foregoing general demurrers are sustained and the petition is dismissed. Special demurrers are not passed upon." The plaintiff excepted.
The plaintiff concedes that the action is one for money had and received. The money was paid by the plaintiff on the warrant on February 16, 1937. The suit was filed on December 2, 1941. The right of action arose upon the payment of the money to the defendant, and a suit could have been instituted therefor immediately. Inasmuch as an action for money had and received shall be brought within four years from the time the right of action accrues (Jasper School District v. Gormley, 57 Ga. App. 537,544, 196 S.E. 232; Mobley v. Murray County,178 Ga. 388, 179 S.E. 680), the suit instituted on December 2, 1941, was barred by the statute of limitations. No fraud is alleged in connection with the transfer of the instrument to the plaintiff, and it is not alleged that the plaintiff was prevented by fraud from ascertaining the invalidity of the warrant or deterred from bringing the suit. The court did not err in sustaining the general demurrer and dismissing the action.
Judgment affirmed. Stephens, P. J., and Sutton, J., concur.