32222. NORRIS, executrix, *v.* NIXON *et al.,* Commissioners.

DECIDED MARCH 18, 1949.

*Henry G. Howard*, for plaintiff.

*F. H. Pierce*, for defendants.

MacIntyre, P. J. ■ "Suits by or against a county shall be in the name thereof. . ." Code §§ 2-7801, 23-1501, and "this is true although the county commissioners may be the per-

sons who would ordinarily institute suits in the name of the county." *Henry* v. *Means,* 137 *Ga.* 153 (72 S. E. 1021). See also *Bennett* v. *Walker,* 64 *Ga.* 326; *Arnett* v. *Board of Commissioners of Decatur County,* 75 *Ga.* 782; *Jackson* v. *Dougherty County,* 99 *Ga.* 185 (25 S. E. 625); *McGinnis* v. *McKinnon,* 165 *Ga.* 713 (141 S. E. 910); *Commissioners of Roads & Revenues of Houston County* v. *Howard,* 59 *Ga. App.* 451 (1 S. E. 2d, 222); *Glaze* v. *Bogle,* 105 *Ga.* 295 (31 S. E. 169).

■ Assuming for the sake of argument, without deciding, that Mr. Norris, the tax collector, was entitled, under the act of 1939 (Ga. L. 1939, p. 370), to the commissions which he, under protest, paid to the Treasurer of Richmond County, on February 10, 1941, which are the same commissions that Mrs. Norris, as executrix of his estate, is seeking to recover in this action, we are of the opinion that her action is barred by the statute of limitations. As executrix of her husband's estate, Mrs. Norris occupies a no more favored position than did her husband prior to his death with relation to the right to recover the commissions.

Assuming as we have done that Mr. Norris was entitled to the commissions, it would not have been incumbent upon him to present his claim therefor within the twelve-month statutory period fixed by Code § 23-1602, or within the four-year period fixed by Code § 3-706, if he had never received the commissions in the first place, but was seeking to compel payment in the first instance. Where the right to and the amount of the claim are fixed by law, such claim does not come within the purview of those claims barred by Code § 23-1602. The claims intended to be barred by that section have reference to claims growing out of contract or breach of duty. *Tucker* v. *Shoemaker,* 149 *Ga.* 250 (99 S. E. 865); *County of Bibb* v. *Winslett,* 191 *Ga.* 860 (14 S. E. 2d, 108); *Gamble* v. *Clark,* 92 *Ga.* 695 (19 S. E. 54); *Sammons* v. *Glascock County,* 161 *Ga.* 893 (3) (131 S. E. 881); *Rogers* v. *Citizens Bank of Douglas,* 149 *Ga.* 568 (5) (101 S. E. 674); *Culberson* v. *Watkins,* 156 *Ga.* 185 (119 S. E. 319); *Freeney* v. *Pape,* 185 *Ga.* 1 (4) (194 S. E. 515). However, the plaintiff in the instant case is not seeking *payment.* She seeks *repayment.* Mr. Norris had already paid himself the commissions in either 1939 or 1940, and by reason of the resolution of the Board of

Commissioners of Roads and Revenues of Richmond County, refunded the money to the county treasurer.

As we construe the petition, the present action is in the nature of an action for money had and received. "If a county illegally obtains the money of another . . and refuses, on demand, to make restitution an action for money had and received lies against the county for the money so appropriated and used." *City of Dawson* v. *Terrell County*, 38 *Ga. App.* 676 (145 S. E. 465); *Butts County* v. *Jackson Banking Co.*, 129 *Ga.* 801 (60 S. E. 149, 15 L. R. A. (N. S.) 567, 121 Am. St. R. 244). For an action by a tax collector against a county treasurer for money had and received where the money in question had been *paid under a mistake of fact*, see *Law* v. *Nunn*, 3 *Ga.* 90. See also, in this connection, *Cloud* v. *DeKalb County*, 70 *Ga. App.* 777 (29 S. E. 2d, 441).

Whether or not the claim for the commissions is such a claim as is barred by Code § 23-1602 or not, under our construction that the action is one for money had and received, the action is barred under Code § 3-706, which provides: "All actions upon . . any implied assumpsit or undertaking, shall be brought within four years after the right of action shall have accrued." An action for money had and received must, under that section, be brought within four years from the time the right of action accrues. *Calhoun National Bank* v. *Yancey Bros. Inc.*, 68 *Ga. App.* 661 (23 S. E. 2d, 468); *Jasper School District* v. *Gormley*, 57 *Ga. App.* 537, 544 (196 S. E. 232); *Mobley* v. *Murray County*, 178 *Ga.* 383 (173 S. E. 680).

It appears from the allegations of the petition that Mr. Norris paid the commissions over to the county treasurer on February 10, 1941, under protest. If, as we have assumed, Mr. Norris was entitled to the commissions, and he paid the money over to the county treasurer upon the illegal order of the board of commissioners, his right to recover the commissions accrued the moment the funds were received by the county treasurer. Mr. Norris died September 19, 1944. An interval of three years seven months and nine days elapsed between the date of the accrual of the right of action and his death. His executrix was qualified on October 6, 1944. She filed suit on April 27, 1948. An interval of three years six months and twenty-one days elapsed between

the date of her qualification and the date on which she filed suit. As a matter of simple arithmetic, seven years two months and thirty days elapsed between the date of the accrual of the action and the date of the filing of the suit. In compliance with the provisions of Code § 3-803, the time between Mr. Norris's death and the representation taken upon his estate was not, of course, included in the calculations made just above.

The action was not brought within the four-year statutory period, and the court did not err in sustaining the demurrer to the petition for the reasons stated in this and the foregoing division of the opinion.

*Judgment affirmed. Gardner and Townsend, JJ., concur.*