Georgiana THOMPSON, et al., Plaintiffs,

v.

**Sheriff Charles CARTER,
et al., Defendants.**

**No. 7:94–cv–149 (WDO).**

United States District Court,
M.D. Georgia,
Valdosta Division.

Nov. 28, 1995.

Jack J. Helms, Jr., Homerville, GA, Daniell S. Landers, Waycross, GA, for plaintiffs.

William A. Turner, Jr., Valdosta, GA, for Charles C. Carter, Edward Carter, Amy Carter.

William P. Langdale, Jr., Valdosta, GA, for Echols County Board of Commissioners.

### ORDER

OWENS, District Judge.

Before the court is a motion by defendant, the Echols County Board of Commissioners, for summary judgment. After careful consideration of the argument of counsel, the relevant caselaw, and the record as a whole, the court issues the following order.

Plaintiffs were apparently tenants of Edward and Amy Carter, relatives of Echols County Sheriff Charles Carter. When a dispute arose concerning the rent, Edward and Amy enlisted the aid of Sheriff Carter in its collection. Plaintiffs complain that Sheriff Carter and other agents of the Echols County Sheriff's Department violated their civil rights in the course of making that collection. Plaintiffs specifically allege, *inter alia*, that defendants unlawfully detained them; conducted an illegal search of the home; unlawfully destroyed private property; used excessive force; and used opprobrious language in front of their minor children.

The Board of Commissioners have moved for dismissal of the complaint against them, contending that the action was not taken pursuant to county custom or policy; that the commissioners did not know of or acquiesce in such a custom or policy; and that the final policy-making authority rests with the sheriff. Plaintiffs' response is that, pursuant to *Pembaur v. City of Cincinnati,* 475 U.S. 469, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986), the county is liable for the actions of the sheriff since he had final policy-making

authority with respect to the actions taken by him. Plaintiffs therefore seek a determination of county liability; their belief is apparently that county liability is established through suit against the board of commissioners.

In their complaint, which has been amended once, plaintiffs named the following defendants: Charles Carter, individually and as sheriff of Echols County; Edward and Amy Carter; and the Echols County Board of Commissioners ("Board"). As against the Board, plaintiffs allege that they are "the chief governing body of the County and [are] responsible for the actions of the sheriff, as well as for their own policies, customs, and practices of permitting and condoning the illegal activities of the sheriff and county officials, violating the constitutional rights of citizns." Complaint, at ¶ 9. The only factual allegation against the Board was that they knew of, and permitted, the illegal actions of Sheriff Carter.

In their response brief, plaintiffs argue in favor of *county* liability. They insist that defendant Board has missed the point by arguing that the county cannot be liable under respondeat superior principles. Plaintiffs further cite *Hamilton v. Cannon*, 864 F.Supp. 1332 (M.D.Ga.1994), for the proposition that "Georgia counties may be liable for the actions of their Sheriffs in § 1983 cases."

■ With due respect to plaintiffs' contentions, it is they who have missed the point. First, the county is an entity unto itself, a subdivision of the State of Georgia. GA. CONST. art. IX, § 1, ¶ 1. Georgia has long drawn a distinction between the county as an entity, and the officials who represent it: "All suits by or against a county shall be in the name of the county." *Arnett v. Board of Comm'rs of Decatur County*, 75 Ga. 782 (1885). Nowhere has Echols County, Georgia, been named as a defendant. Only the Board of Commissioners and sheriff of the county have been named. Thus, even conceding *arguendo* that the county is liable for the acts of the sheriff, the county has not been named as a defendant because naming the Board is not the equivalent of naming the county.

■ Secondly, common sense shows that the county entity is represented by various elected officials in their respective capacities. A lawsuit against one county official (such as the sheriff), predicated upon that official's actions within the scope of his elected office, is not a suit against every official that represents the county. Thus suit against the sheriff for actions taken by him within his bailiwick does not translate into suit against the board of commissioners, who operate within an entirely separate sphere of influence. *Pembaur v. Cincinnati*, 475 U.S. 469, 483 n. 12, 106 S.Ct. 1292, 1300 n. 12, 89 L.Ed.2d 452, 465 n. 12 (1986).

The court fails to comprehend how the board of commissioners may be liable if the sheriff possessed final rule-making authority. Plaintiffs forcefully contend that final rule-making authority rested with the sheriff. Yet plaintiffs also argue that the Board is "responsible for the actions of the sheriff." In Georgia, sheriffs are elected officials who possess final authority over matters of law enforcement. When the sheriff acts within the scope of his duties as chief law enforcement officer of the county, the Board is powerless to act with respect to his conduct. Since "the buck stopped with the sheriff" with respect to questions of law enforcement, the board of commissioners were powerless to stop him, and thus could not be said to formulate final county policy in this regard. *Pembaur*, 475 U.S. at 483 n. 12, 106 S.Ct. at 1300 n. 12, 89 L.Ed.2d at 465 n. 12. Since the Board was powerless with respect to the sheriff, there could be no causal connection between them and plaintiffs' alleged injuries. *See Parker v. Williams*, 855 F.2d 763, 767 (11th Cir.1988) (there must be a causal connection for imposition of § 1983 liability).

Finally, whether suit against the sheriff in his official capacity is sufficient to establish county liability is a question not before the court. However, as the sheriff is a county official, GA. CONST. art. 9, § 1, ¶ 3, suit against the sheriff in his official capacity means the county will most likely be forced to pay for a judgment against the sheriff in his official capacity. That question is not, and will not be, before the court.

In light of the foregoing, the Echols County Board of Commissioners' motion for summary judgment is **GRANTED.** Plaintiffs' suit shall proceed against Sheriff Carter, in his individual and representative capacity.

**SO ORDERED.**